**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **FÉDÉRATION INTERNATIONALE DES ECHECS,** <br> Avenue de Rhodanie 54 <br> 1007 Lausanne <br> Switzerland <br><br> **Plaintiff,** <br><br> v. <br><br> **JORGE SAGGIANTE GARCIA,** <br> 13141 Brushwood Way <br> Potomac, MD 20854 <br><br> **Defendant** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PETITION TO CONFIRM AND ENFORCE FOREIGN ARBITRAL AWARD

Plaintiff, by and through its attorneys, seeks, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention") (codified at 9 U.S.C. §§ 201, *et seq.*), an order confirming an arbitral award issued by the Court of Arbitration for Sport ("CAS") in Lausanne, Switzerland, in favor of the Plaintiff Fédération Internationale Des Echecs ("FIDE") and against the Defendant, Mr. Jorge Saggiante Garcia ("Garcia") for failing to repay a loan from Plaintiff which he personally guaranteed, and in support thereof states the following:

### Parties, Jurisdiction, and Venue

1. Plaintiff FIDE is also known as the World Chess Federation. It is recognized by the International Olympic Committee as the supreme body in the field of chess, responsible for the organization of chess and its championships at continental and global levels. FIDE is located

in Lausanne, Switzerland.  An affidavit from FIDE Executive Director David Jarrett is attached hereto as Exhibit 1 (the "Jarrett Affidavit").

2.  Defendant Garcia resides at 13141 Brushwood Way, Potomac, MD 20854.  As such, he is a resident of Maryland.  Mr. Garcia, among other things, was the organizer of the 2007 FIDE World Chess Championship Tournament in Mexico City, Mexico.

3.  This Court has original jurisdiction over the subject matter of this action pursuant to 9 U.S.C. §§ 201 and 203.

4.  Venue is proper in the United States District Court for the District of Maryland, Southern Division, pursuant to 9 U.S.C. § 204.

## Relationship between FIDE and Garcia

5.  In 2006, Defendant Garcia, presented FIDE with a bid to host the 2007 World Chess Championship Tournament (the "Tournament") in Mexico City.  FIDE's Presidential Board awarded Garcia with the bid during its quarterly meeting on April 13-14 in Al Ain, UAE.

6.  On April 14, 2006, FIDE and Garcia entered into an agreement establishing guidelines for organizing the Tournament consistently with FIDE's regulations (the "Agreement").  Garcia signed the Agreement as an "Organizer" of the Tournament.

7.  Under the Agreement, the Tournament's Organizer undertook, *inter alia*, to finance all of the Tournament's necessary costs.  The Agreement indicated these costs would total one-million, six hundred sixty-thousand dollars ($1,660,000).

8.  The Agreement provided further that all disputes arising from the Agreement should be negotiated between the parties, and if negotiation failed, the parties could submit the dispute to CAS for arbitration.

9.  After Garcia signed the Agreement, he served as Chairman of the Tournament's

Organizing Committee (the "Organizing Committee").

10. On September 15, 2007, FIDE and Garcia, as the Tournament's Organizer and Chairman of its Organizing Committee, entered into a short-term loan agreement (the "Loan Agreement") to remedy a short-term cash flow problem the Organizing Committee was experiencing in setting up the Tournament. A true and accurate copy of the Loan Agreement is attached as Exhibit A to the Jarrett Affidavit.

11. At Garcia's request, FIDE lent the Organizing Committee sixty-thousand dollars ($60,000) on September 17, 2007. The loan was to be repaid within forty (40) days at seven percent (7%) interest per annum.

12. Pursuant to the Loan Agreement, Garcia personally guaranteed the loan and agreed to write a personal check to FIDE for sixty-two thousand dollars ($62,000) in favor of his personal guaranty. If the amount due under the Loan Agreement was repaid by October 27, 2007, FIDE would return Garcia's check along with his signed personal guaranty. If the amount due under the Loan Agreement was not paid by that date, FIDE and Garcia agreed that FIDE would deposit Garcia's personal check into FIDE's bank account to satisfy the Organizing Committee's loan debt.

13. Under the Loan Agreement, if Garcia's personal check was dishonored for any reason, FIDE reserved the right to recover the monies owed by taking legal action against both the Organizing Committee and Garcia personally.

14. FIDE and Garcia further agreed that the sides would endeavor to resolve any disputes under the Loan Agreement by negotiation, and if negotiation was unsuccessful by November 5, 2007, either party could submit the dispute to CAS for final resolution.

15. On September 15, 2007, Garcia issued to FIDE a personal check drawn on Chase

Manhattan Bank in the amount of $62,000 and signed a personal guarantee stating that FIDE loaned the money to the Organizing Committee at his personal request and that he would repay the loan personally if it was not otherwise repaid by October 27, 2007.  A true and accurate copy of the personal guarantee is attached as Exhibit B to the Jarrett Affidavit.

16. The loan to FIDE was not repaid by October 27, 2007.

17. FIDE presented its bank with Garcia's personal check for $62,000.  The bank returned the check as unpaid.

18. FIDE's counsel spoke with Garcia by phone on March 31, 2009, and Garcia indicated he did not intend to repay the loan.  FIDE's counsel delivered by email a letter the following day requesting Garcia repay his loan obligations by April 17, 2009.  Garcia did not respond, and all of FIDE's further attempts to recover its debt from Garcia failed.

### Arbitration

19. Pursuant to the Loan Agreement, on June 16, 2009, FIDE filed a request for arbitration with CAS against Garcia for failure to honor his personal guaranty and repay the Organizing Committee's loans, seeking final resolution by a sole arbitrator.

20. On June 19, 2009, CAS delivered by mail to Garcia FIDE's request for arbitration with a cover letter informing Garcia that this request had been made and giving him an opportunity to state his case.  Delivery of this letter was accepted on June 24, 2009.

21. Garcia failed to submit a response in the arbitration.

22. The arbitrator rendered his decision on the merits on November 12, 2009, after reviewing all filings in the arbitration.

23. The arbitrator ordered Garcia to pay to FIDE (1) $60,000 plus 7% yearly interest from September 17, 2007, until the effective date of payment; (2) all costs of the arbitration; and

(3) three-thousand Swiss Francs (CHF 3,000) to FIDE to help defray its legal costs incurred in connection with the arbitration.

24.     On December 8, 2009, CAS determined the cost of the arbitration was seven-thousand fifty Swiss Francs (CHF 7,050) and notified both parties by letter.  Garcia was ordered to pay to FIDE that amount within 30 days of that letter's receipt which was faxed and emailed to him.  True and accurate copies of the arbitration award and the cost determination are attached as Exhibit C to the Jarrett Affidavit.

## REQUEST FOR CONFIRMATION OF FOREIGN ARBITRAL AWARD

25.     FIDE incorporates by reference each of the allegations in paragraphs 1-24.

26.     The United States and Switzerland are both parties to the Convention.

27.     As a Contracting State to the Convention, the United States "shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon . . . ."  21 U.S.T. 2517, 330 U.N.T.S. 3, at Art. III.

28.     Because Switzerland is also a Contracting State, and the CAS is a "permanent arbitral bod[y] to which the parties have submitted," *id.* at Art. I(2), an arbitration award by CAS in this matter is binding in United States courts.  *See also*, *Gatlin v. U.S. Anti-Doping Agency, Inc.*, 2008 WL 2567657 at *1 (N.D.Fla. June 24, 2008).

29.     The arbitration award arose out of a commercial, legal relationship and thus is an arbitral award falling under the convention.  9 U.S.C. § 202.

30.     Within three years after an arbitral award falling under the Convention is made, "any party to the arbitration may apply to any court having jurisdiction . . . for an order confirming the award as against any other party to the arbitration."  9 U.S.C. § 207.

31.     Unless it finds one of the grounds specified in the Convention for the award's

refusal or deferral of recognition, "the court shall confirm the award." *Id.*

WHEREFORE, Plaintiff Fédération Internationale Des Echecs hereby requests that this Court issue an order confirming the arbitral award issued by the Court of Arbitration for Sport in Lausanne, Switzerland, against Defendant Jorge Saggiante Garcia. Plaintiff further requests that this Court grant all other relief as may be appropriate.

        Respectfully submitted,


        _____/s/ E. John Steren_____
        E. John Steren (MD Bar # 11379 )
        Michael A. Hass (Admission pending *pro hac vice*)
        Ober, Kaler, Grimes & Shriver
        A Professional Corporation
        1401 H Street, N.W., Suite 500
        Washington, D.C. 20005
        (202) 408-8400
        (202) 408-0640 facsimile

        Attorneys for Plaintiff
        Fédération Internationale Des Echecs